JC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jose Cruz Mercado-Ramirez,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-07332-PHX-SPL

**ORDER**

Petitioner Jose Cruz Mercado-Ramirez, who is confined in the Eloy Detention Center, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). This is not Petitioner's first petition challenging his immigration detention. In CV-26-01775-PHX-SPL (MTM), the Court granted Petitioner's first petition and ordered a bond hearing, at which an Immigration Judge denied bond on March 25, 2026. Petitioner, through counsel, then filed a second petition challenging that bond hearing in CV-26-03287-PHX-SPL (MTM), which was pending when Petitioner filed the instant Petition. (*See* Doc. 5 at 1.) A review of the instant Petition reveals that it challenges the same detention and bond hearing and seeks the same relief. The Court will dismiss the instant Petition as duplicative.

District courts "retain broad discretion to control their dockets," and that authority includes the discretion to dismiss a duplicative later-filed action. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936);

*Mikhail v. Warden of Golden State Annex*, No. 1:25-cv-01414 JLT SKO, 2026 WL 165392, at *1 (E.D. Cal. Jan. 20, 2026) (dismissing a § 2241 petition as duplicative of a pending § 2241 petition). A litigant generally has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams*, 487 F.3d at 688 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). In assessing whether a later-filed action is duplicative of an earlier one, the Court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689. Causes of action are the same when they arise from the same transactional nucleus of facts. *See id.* Dismissal of the duplicative action "promotes judicial economy and the 'comprehensive disposition of litigation.'" *Id.* at 692-93 (quotation omitted).

Here, the instant Petition is duplicative of CV-26-03287. Both actions challenge the same detention and the same March 25, 2026 bond hearing, and both seek Petitioner's release. (Doc. 1 at 16, 18-20.) To the extent the instant Petition raises theories that do not appear in CV-26-03287, such as the alleged warrantless arrest and the claimed lack of a pre-deprivation hearing (*id.* at 16, 18), those theories arise from the same detention and seek the same relief. Because the Petition is duplicative, dismissal is warranted under the Court's inherent authority to control its docket.[1] The Court will dismiss the Petition without prejudice.

///

///

///

///

///

///

///

---

[1] Respondents argue that the Petition should be denied because Petitioner failed to exhaust his administrative remedies. (Doc. 5 at 2-3.) Because the Petition is duplicative, the Court does not reach that argument.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and this action are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 2nd day of November, 2026.

Honorable Steven P. Logan
United States District Judge